**Loy TAYLOR, et al., Plaintiffs–Appellants,**

v.

**HASTINGS MUTUAL INSURANCE CO., Defendant–Appellee.**

No. 02–3414.

United States Court of Appeals, Sixth Circuit.

Oct. 10, 2003.

Robert M. Scott, Peter O. DeClark, Williams, Jilek & Lafferty, Toledo, OH for Plaintiffs–Appellants.

John R. Kuhl, Bracy & Kuhl, Toledo, OH, for Defendant–Appellee.

BEFORE: KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

**458**

PER CURIAM.

In this diversity contracts action, the plaintiffs, Loy Taylor, Roger Taylor, John Porter, Mark Figert, and Richard Miller, appeal from the district court's grant of summary judgment to the defendant, Hastings Mutual Insurance Company. They contend that the court erred in ruling that, under the terms of identical commercial general liability insurance policies, Hastings was not required to indemnify or defend the individual plaintiffs in a state court action filed against them for faulty workmanship in the construction of a log home. We find no error and affirm.

The state court action filed against the plaintiffs charged them with negligence, breach of contract, fraud, and breach of warranty, and it requested damages for expenses incurred in cleanup and repair of the log home, as well as for emotional distress and additional living expenses. The insurance company declined both coverage and defense of the state lawsuit, contending that it had no contractual duties to the insureds under the terms of the policies issued by it. The district court agreed, finding that the "emotional distress" alleged in the state action did not constitute "bodily injury" as defined in the insurance contract; that the damages caused by the plaintiffs' alleged negligence and breach of contract were specifically excluded under section 1(A)(2)(m) of the policy; and, in addition, that the acts alleged in the state court complaint did not constitute an "occurrence," as that term was used in the policy. As to the plaintiffs' claim that they had incurred liability for "consequential damages" that should have been covered, the district court found no allegation in the complaint and no evidence to establish that the injured parties in the state action suffered any damage other than that directly attributable to the plaintiffs' faulty construction. Finally, the plaintiffs' current contention that they are entitled to collect under the "selected contractors broadened coverage endorsement" was not raised in the court below and, therefore, cannot now form the basis for reversing the district court's order granting summary judgment.

Having studied the briefs of the parties and the record on appeal, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion filed on March 15, 2002.